UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-325(DSD/JJG)

Michelle M. Baragar,

       Plaintiff,

v.                                                          **ORDER**

Social Security Administration,

       Defendant.

    Michelle M. Baragar, P.O. Box 575, Pine River, MN 56474,
    pro se.

    Bahram Samie, Assistant U.S. Attorney, 300 South Fourth
    Street, Suite 600, Minneapolis, MN 55415, counsel for
    defendant.

This matter is before the court upon the motion to dismiss by defendant Social Security Administration (SSA) and the motion for default judgment by pro se plaintiff Michelle M. Baragar. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to dismiss and denies the motion for default judgment.

**BACKGROUND**

This disability-benefits dispute arises from the alleged underpayment of benefits by the SSA to Baragar. In April 2003, the SSA issued Baragar a benefits check in the amount of $4,682.00. Am. Compl. ¶ 5. Baragar asserted that she never received the payment, and the SSA issued a replacement check in July 2003. Id.;

Brown Decl. ¶ 4(a).[1]   Thereafter, in December 2003, the SSA determined that the April check had been cashed, and posted a notice of overpayment.  Brown Decl. ¶ 4(b).  As a result, the SSA began withholding a portion of Baragar's monthly benefits to recover the overpayment amount of $4682.00.  Id. ¶ 4(c).

In April 2004, Baragar requested reconsideration of the overpayment determination, alleging that somebody "cashed the check without permission."  Id. Ex. 2.  When, as here, a beneficiary alleges forgery, the beneficiary must complete a "check claims package."  Id. ¶ 4(e).  Baragar did not complete the check claims package until May 2011.  Id.  After initiating an investigation, the SSA concluded that Baragar's signature on the original check had been forged, and refunded the withheld overpayment amount on August 24, 2012.  Id. Ex. 3.

On February 7, 2012, however, prior to receiving her refund, Baragar filed the present action.  Baragar amended her complaint on February 23, 2012, alleging (1) an underpayment of SSA benefits; (2) violations of the Americans with Disabilities Act of 1990 (ADA); (3) slander, fraud and harassment; (4) violations of her First Amendment, due process and equal protection rights; and

---

[1] The court does not rely on the declaration of SSA Claims Authorizer Mike Brown for purposes of deciding the motion.  Rather, the court cites to the declaration to provide context that is not immediately clear from the pro se amended complaint.

(5) violation of 18 U.S.C. §§ 246, 510 and 1505.  The SSA moved to dismiss on September 17, 2012.[2]

## DISCUSSION

## I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a

---

[2] Two days after the SSA moved to dismiss, the court received a motion for default judgment from Baragar.  Baragar does not have access to the court's electronic filing system, and the motions likely crossed in the mail.  The court, however, had previously ordered that "the time for [the SSA] to answer or otherwise respond to the Amended Complaint of Plaintiff shall be extended to and including September 17, 2012."  ECF No. 21.  The SSA timely filed its motion on September 17, 2012, and thus, the motion for default judgment fails.  Therefore, the court denies Baragar's motion for default judgment.

cause of action" are not sufficient to state a claim.  Iqbal, 129
S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings
under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court may,
however, consider matters of public record and materials that are
"necessarily embraced by the pleadings."  See Porous Media Corp. v.
Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and
internal quotation marks omitted).  In this case, the SSA records
relating to Baragar's benefits are necessarily embraced by the
pleadings.

## II.  Sovereign Immunity

The SSA argues that sovereign immunity bars Baragar's
underpayment, ADA, tort and constitutional claims.  "Absent a
waiver, sovereign immunity shields the Federal Government and its
agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994)
(citations omitted).  Such a waiver "must be expressed
unequivocally and cannot be implied."  Manypenny v. United States,
948 F.2d 1057, 1063 (8th Cir. 1991) (citations omitted).  As a
result, the court examines whether these claims are barred by
sovereign immunity.

### A.  Underpayment of Social Security Benefits

Congress has conditionally waived the government's sovereign
immunity for claims seeking Social Security benefits.  A court,
however, does not have "subject matter jurisdiction [to review a

claim for benefits] until administrative remedies have been exhausted." Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992). To exhaust administrative remedies, a beneficiary must (1) receive an initial determination, (2) request reconsideration, (3) have a hearing before an administrative law judge and (4) request review by the Appeals Council. Shinn ex rel. Shinn v. Sullivan, 915 F.2d 1186, 1187 (8th Cir. 1990).

Baragar argues that she "must pursue this claim in court as all avenue of Administration relief from the Social Security has been exhausted and denied for over 8 years." Am. Compl. at 2. Baragar, however, received a favorable result after requesting reconsideration, and does not allege that she had a hearing or appeal. See Brown Decl. Ex. 3. As a result, the court finds that Baragar did not exhaust her administrative remedies prior to filing suit.

The administrative exhaustion requirement, however, may be waived under exceptional circumstances. Titus v. Sullivan, 4 F.3d 590, 592 (8th Cir. 1993). Waiver is proper when claimants show "(1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile." Id. (citation omitted). Baragar has not pleaded, and there is no indication in the record, that any of these circumstances apply to excuse her failure to exhaust administrative remedies. Therefore, the court

does not have subject-matter jurisdiction, and dismissal of the claim for Social Security benefits is warranted.[3]

### B.    ADA

In her Amended Complaint, Baragar makes passing reference to the ADA.  Even if the court were to construe this as a properly-pleaded claim under the ADA, the claim would fail.  Congress has not waived federal sovereign immunity for ADA damages claims.  See Lane v. Pena, 518 U.S. 187, 192 (1996).  As a result, sovereign immunity bars any ADA claim for damages against a federal agency. Cf. Stone v. NYC Transit, No. 04 CV 4141, 2005 WL 1593524, at *1 (E.D.N.Y. July 7, 2005) (holding that plaintiff's ADA claim against the EEOC for failure to investigate discrimination was barred by sovereign immunity).  Therefore, to the extent that Baragar pleads an ADA claim, dismissal is warranted.

### C.    Tort Claims

The SSA argues that Baragar's claims for slander, fraud and harassment are barred by sovereign immunity.  By enacting the

---

[3] Moreover, after the complaint was filed, the SSA corrected their overpayment determination and refunded Baragar $4,682.00. "In a social security action seeking payment of benefits, the actual payment of those benefits generally moots the action." Maloney v. Soc. Sec. Ass'n, No. 02-CV-1725, 2006 WL 1720399, at *6 (E.D.N.Y. June 19, 2006) (citation and internal quotation marks omitted).  Because Baragar received the full amount of benefits that she requested, her claim for payment of Social Security benefits is moot.  See Burton v. Bowen, 815 F.2d 1239, 1241 (8th Cir. 1987); Maloney, 2006 WL 1720399, at *6 (finding benefits claim moot before analyzing plaintiff's other claims).  Therefore, even if Baragar had exhausted her administrative remedies, dismissal of the claim for benefits is still warranted.

Federal Tort Claims Act (FTCA), Congress conditionally waived sovereign immunity for tort claims and "grant[ed] federal district courts jurisdiction over a certain category of [tort] claims against the United States."  Eubank v. Kan. City Power & Light Co., 626 F.3d 424, 427 (8th Cir. 2010) (citation and internal quotation marks omitted).  "[T]he FTCA is the exclusive remedy if: (1) the suit is against a federal agency; and (2) the suit sounds in tort."  Peak v. Small Bus. Ass'n, 660 F.2d 375, 377 (8th Cir. 1981) (citation omitted).

The FTCA provides, however, that "[a]n action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  The plaintiff has the burden of demonstrating that her claims were presented to the appropriate federal agency.  See Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993).  Baragar does not plead that she presented her tort claims to the SSA prior to filing suit or that the SSA denied the claims in writing.  Therefore, sovereign immunity applies, and dismissal of the tort claims is warranted.

## D.   Constitutional Claims

Baragar also argues that the SSA violated her First Amendment, due process, and equal protection rights.  "Sovereign immunity bars

any claim against the United States, [federal agencies], and federal officials in their official capacities for damages from a constitutional tort." Loftin v. United States, 72 F.3d 133, 1995 WL 739859, at *2 (8th Cir. 1995) (per curiam) (citations omitted). A plaintiff alleging a constitutional tort against the federal government generally must proceed under the framework created by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and its progeny. Bivens claims, however, are cognizable only against federal officials in their individual capacity, and may not be brought against federal agencies. See Schutterle v. United States, 74 F.3d 846, 848 (8th Cir. 1996) (finding U.S. Department of Agriculture immune from Bivens suit). Therefore, dismissal of the constitutional claims against the SSA is warranted.

## III.  Criminal Statutes

Finally, the SSA argues that Baragar's claims under 18 U.S.C. §§ 246, 510 and 1505 should be dismissed, as none of these criminal statutes provide a private right of action. "Though a bare criminal statute does not necessarily preclude an implied private right of action, there should at least be a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999) (citations and internal quotation marks omitted).  These criminal statutes provide no statutory basis for

inferring a private right of action.  See, e.g., Hamilton v. Reed,
29 F. App'x 202, 204 (6th Cir. 2002) (finding no private right of
action under § 1505); Wimberley v. Jones, No. 4:12-CV-166, 2012 WL
3066360, at *2 (M.D. Ga. July 30, 2012) (finding no private right
of action under § 246).  Therefore, there is no private right of
action under 18 U.S.C. §§ 246, 510 and 1505, and dismissal of these
claims is warranted.


                              **CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

     1.   Defendant's motion to dismiss [ECF No. 23] is granted;
and

     2.   Plaintiff's motion for default judgment [ECF No. 28] is
denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  February 13, 2013


                                   s/David S. Doty
                                   David S. Doty, Judge
                                   United States District Court